IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
COLUMBUS DIVISION
CASE NO. 2:11-CV-292-~~REF~~-NMK

DEREK MORTLAND, Individually,

    Plaintiff,

v.

WM COLUMBUS HOTEL LLC, a Foreign
Limited Liability Company,

    Defendant.

_____/

## FINAL ORDER APPROVING AND ENTERING
## CONSENT DECREE AND DISMISSING CASE

THIS CAUSE came before the Court on the Stipulation For Approval and Entry of a Consent Decree and Dismissal of the Case, and the Court having reviewed the pleadings and papers filed in this cause, and the Stipulation for Approval and Entry of Consent Decree and being otherwise fully advised in the premises, it is hereby

ORDERED AND ADJUDGED that:

1. The Consent Decree, in the form annexed hereto, is APPROVED and ENTERED, with the Court retaining jurisdiction over this matter for the purpose of enforcement of the Consent Decree;

2. The above-styled cause be and the same is hereby DISMISSED with prejudice;

3. To the extent not otherwise disposed of herein, all pending motions are hereby DENIED or moot and the case is closed.

DONE AND ORDERED in Chambers at _Columbus, Ohio_, this _4th_ day of _November_, 2011.

_____
~~UNITED STATES DISTRICT JUDGE~~
U S M judge

cc: Counsel of Record

12433716.1

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
COLUMBUS DIVISION
CASE NO. 2:11-CV-292-NMK

DEREK MORTLAND, Individually,

    Plaintiff,

v.

WM COLUMBUS HOTEL LLC, a Foreign
Limited Liability Company,

    Defendant.
_____/

## CONSENT DECREE

This Consent Decree is entered into by and between DEREK MORTLAND, Individually hereinafter sometimes referred to as "Plaintiff," and WM COLUMBUS HOTEL LLC, a Foreign Limited Liability Company hereinafter sometimes referred to as "Defendant," on the date last executed below.

WHEREAS: The Defendant's property is known as The Westin Hotel & Resort Columbus and is located at 310 South High Street, Columbus, OH. Plaintiff claims that there are architectural barriers existing at the Defendant's property that constitute violations of the Americans With Disabilities Act that unlawfully limit the Plaintiff's use of the property. Defendant does not admit all of the allegations of the Plaintiff's Complaint, but recognizes that the Plaintiff might prevail and receive some of the relief on the merit of their claim. In consideration for resolving all matters in dispute, the parties have agreed to the following terms and conditions subject to the Court entry of an Order Approving and Entering the Consent Decree.

1. All alterations, modifications, and policies required by this Consent Decree shall be completed prior to the reinspection date set forth below, unless a different completion date is otherwise stated herein. A final property reinspection conducted by Plaintiff will take place on or after August 15, 2012, to ensure that the modifications to the subject property required below for barrier removal have been completed. Plaintiff's counsel, expert(s) and/or representatives shall be provided access to the building to conduct a reinspection and to verify commencement, progress and completion of the work required hereby. In any event, Defendant or its counsel, shall notify Plaintiff counsel by Certified Return Receipt Mail when all improvements contemplated herein are completed. In the event of non-compliance with the terms and conditions of this agreement, Plaintiff shall be entitled to immediate injunctive relief.

2. Defendant shall pay Plaintiff's counsel, Fuller, Fuller and Associates, P.A. for Plaintiff's attorneys' fees, litigation expenses and expert fees, and costs incurred in this matter in the total amount of $31,156.13. Such fees and costs shall be paid to on or before thirty (30) days from the date of complete execution of this consent decree by the parties or fifteen (15) days from the date the Court approves and enters the Consent Decree, which occurs later.

3. The parties hereby agree and request the Court to approve and enter the Consent Decree, providing for retention of jurisdiction by the Court to enforce, as necessary, the terms of this Decree. In any action to enforce this Consent Decree, the prevailing party shall be entitled to attorneys' fees, costs and expert fees. This Consent Decree shall be binding upon and inure to the benefit of the parties hereto and their respective successor and/or assigns. The parties shall perform their obligations under this Consent Decree in good faith.

4. The parties agree that any delays in making the modifications to the property as provided for pursuant to this Consent Decree caused by third parties, including but not limited to construction contractors, or city building officials, inspectors, or permitting departments, will not be deemed to violate the compliance dates herein as long as the Defendant makes a good faith effort to effect implementation as soon as reasonably possible thereafter.

5. Upon the Court's approval of this Consent Decree and upon the Defendant's full compliance with the terms and conditions of this Consent Decree, Plaintiff hereby releases and discharges Defendant, its officers, employees, agents, successors and assigns from any and all claims and causes of action which it has had arising under the Americans With Disabilities Act at The Westin Hotel & Resort Columbus located at 310 South High Street, Columbus, OH.

6. All references to the ADAAG refer to the following:
28 CFR Chapter 1 Part 36, App. A. (7-1-98 edition) - ADAAG

7. The parties acknowledge that the modifications described in this Consent Decree shall be implemented according to the standards set out in the ADAAG. All references to figures in the paragraphs below refer to those that accompany the ADAAG and that more fully describe the considered full compliance with the ADA.

8. This Consent Decree can be executed in any number of counterparts, each of which shall be taken to be one and the same instrument, for the same effect as if all parties hereto had signed the same signature page. A facsimile copy of any party's signature shall be deemed as legally binding as the original signatures.

9. The Defendant is advised that under certain circumstances a tax credit and/or tax

2

deduction may be available to businesses to help cover the cost of making access improvements. (See Sections 44 and 190 of the Internal Revenue Code.)

10. WM COLUMBUS HOTEL, LLC shall complete all modifications and submit to Plaintiff's counsel a report summarizing the actions it has taken pursuant to this Consent Decree by November 1, 2012. The Defendant agrees to correct by no later than November 1, 2012, the ADA violations incorporated in this Consent Decree.

11. The Defendant agrees to modify the property as follows:

## PARKING

### A. THE DESIGN OF THE PARKING SPACES SHALL CONFORM WITH THE ADA REQUIREMENTS.

4.1.2(5), 4.6.4

If approved by the City of Columbus, the Defendant shall modify the passenger loading zone to eliminate the ½" change in level and create a smooth transition to comply with ADAAG 4.5.2.

### B. RESTAURANTS

There are two (2) separate restaurants at this hotel. A portion of one of the restaurants is inaccessible in that there are stairs to the permanent buffet bar (built by prior owners in 1995) with no alternate route except by use of a service elevator. The other restaurant is accessible and only lacks an accessible table. Defendant shall do the following:

B-1 Provide signage at the partially inaccessible restaurant notifying wheelchair patrons of the location of the fully accessible restaurant.

B-2 Provide a policy that the servers at the partially inaccessible restaurant shall provide buffet table service for wheelchair patrons.

B-3 Provide accessible tables in the accessible restaurant as required in ADAAG Section 4.32.

## PUBLIC RESTROOMS

### C. THE DEFENDANT'S PUBLIC RESTROOMS SHALL BE ACCESSIBLE TO THE DISABLED.

4.13.5, 4.13.6, 4.13.7, 4.13., 4.27, 4.19.2, Figure 31, 4.17.6, 4.23.4, 4.19.4, 4.2.5, 4.18,

3

4.23.5, 4.23.6, 4.19.6, Figure 38, 4.17.3, 4.17.5, 4.16, Figure 28 and 29a, Figure 29b, 4.17, et seq., 4.18, et seq., 4.19, et seq., Figures 30, 31, 32, 4.26, et seq.

### Creation of a Unisex Public Restroom

The Defendant agrees to create a unisex accessible restroom. Defendant shall provide directional signage at the other public restrooms notifying patrons of the location of the unisex accessible restroom.

## GUEST ROOMS

### D. THE DEFENDANT GUEST ROOMS SHALL BE ACCESSIBLE TO THE DISABLED.

9.1, et seq. 4.29 and 4.28 *et seq*.

The Defendant has a total of 188 guest rooms in its facility, and two (2) Presidential Suites. Pursuant to ADAAG 9.1.2, five (5) rooms must be fully accessible. Defendant has six (6) fully accessible rooms with roll-in showers. The Defendant shall reconfigure its fully accessible guest rooms as described below to be accessible not only as to toilet and bathroom facilities but additionally as to path of travel in the room, accessible counter space, accessible tables and closet space. The Defendant will ensure that lighting controls and air conditioning controls are reachable pursuant to the ADAAG and that visual alarms for both telephones and fire/smoke warnings are installed, as well as notification devices, in the number of rooms mandated by ADAAG 9.1.3; or, alternatively, provide equivalent facilitation as provided in ADAAG 9.3.2.

Additionally, all accessible guest rooms shall have a sign that complies with ADAAG Section 4.30.

Defendant shall relocate shelf, clothing rod, iron and safe to comply with ADAAG Section 4.2.5 and 4.2.6, as necessary in rooms 567 and 452.

Defendant shall provide a desk that complies with ADAAG Section 4.32.3, in rooms 567 and 452.

Defendant shall provide drapery controls that comply with ADAAG Section 4.27.4, in rooms 567 and 328.

Defendant shall provide a fixed shower seat to comply with ADAAG Section 4.21.3, in rooms 567, 452 and 328.

Defendant shall provide towel racks that comply with ADAAG Section 4.2.4, 4.2.5, and 4.2.6, in rooms 567, 452 and 328.

4

Defendant shall implement a policy to remove the trash receptacle from the clear floor space of accessible elements in all accessible guest rooms.

Defendant shall relocate the thermostat to comply with ADAAG Section 4.2.5 and 4.2.6, in room 328.

E. **POLICIES AND PROCEDURES**

Defendant shall implement the Policies and Procedures recommended on pages 23 thru 24, in the report of A.D.A. Compliance Team, Inc., dated September 16, 2011, specifically:

1. Implement a policy where staff is properly trained and familiarized with the available features of the property for use by, or assistance to, disabled persons.

2. Implement a policy where movable objects are not located where they will obstruct the required wheelchair clearances; i.e. near doors or on an accessible route.

3. Inform personnel of the procedure to assist disabled guests using wheelchairs during transactions.

4. Implement a policy where staff reads items fully, upon request, and provides assistance, if necessary, for individuals who are visually impaired.

5. Implement a policy that when handing currency to a customer, bills should be individually identified and counted. Credit cards should be handed to guests after imprint, not simply laid on a counter or table. A piece of cardboard or a plastic or metal signature template can be used to indicate where a signature is required. Place cardboard edge horizontally below line or orient opening of signature template where signature is required.

6. Implement a policy where employees will receive training so that they are generally familiar with the obligations of public accommodations under the ADA.

7. Implement a policy where the company's website is accessible.

8. Implement a policy where accessible parking spaces are monitored to prevent illegal parking within the spaces or access aisles.

9. Implement a policy maintaining in operable working condition those

5

features that are required to be readily accessible to and usable by persons with disabilities.

10. Implement a policy where the facility allows persons with disabilities to use service animals, without imposing any extra charges or conditions, in guestroom/suites and all public areas of the facility (e.g.: restaurants, bar areas, facility grounds, vans/shuttle buses, and other areas for meeting or recreation).

## F. MAINTENANCE OF ACCESSIBLE FEATURES

ADAAG 36.211

The Defendant shall maintain in operable working condition those features of facilities and equipment that are required to be readily accessible to and usable by persons with disabilities by the Americans with Disabilities Act; notwithstanding same, the Defendant shall not be in default herein in cases where there are isolated or temporary interruptions in service or access due to maintenance or repairs.

## DEFENDANT'S NOTICE FOR COMPLIANCE WITH ADA

### G. DEFENDANT'S NOTICE TO PARKING LOT TENANT FOR COMPLIANCE WITH ADA

G-1. In a good faith effort to resolve the dispute in the litigation as to the responsibility of the Defendant tenant to correct the barriers to access and ADA violations in the parking lot tenant spaces, Plaintiff has agreed to allow Defendant to notify the parking lot landlord of the following in writing:

"The undersigned has been involved in litigation regarding the Americans with Disability Act (ADA). As a result of that litigation, we have agreed to provide the following notice to the parking lot landlord:

The American with Disabilities Act provides in part that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any private entity who owns, leases, or leases to, or operates a place of public accommodation.' The ADA may require that you modify your parking space of public accommodation to conform with ADA requirements. The ADA has been in effect since 1992. The Plaintiff in our litigation has agreed not to file any ADA

6

lawsuit against the parking lot tenant, not already involved in litigation with the Plaintiff, as to violations at the subject property parking lot for 120 days to allow the parking lot tenant to voluntarily comply with the ADA. The parking spaces may or may not comply with the ADA. You are urged to consult with an attorney, architect or other professional familiar with the ADA to determine what, if anything, you must do to comply with the ADA. This is not legal advice. The federal government provides useful information about the ADA at the following website: www.usdoj.gov/crt/ada/publicat.htm.

G-2. The Defendant shall provide to the parking lot landlord, this written notice along with any other information it wishes to provide within 60 days of the dismissal of this by the District Court. The notice shall be registered mail or hand delivered with confirmation of receipt by the landlord. The Defendant shall provide to the Plaintiff a copy of letter and proof of receipt, within 30 days of sending the notice to the landlord. Upon written request by Plaintiff the Defendant shall provide the Plaintiff a copy of the actual lease between the Defendant and its parking lot landlord together with any addendums to the lease or rules for parking tenancy.

G-3. The Defendant landlord shall request that the parking lot landlord correct the ADA violations in any parking lot either six (6) months after the expiration of the Defendant's parking lease or one (1) year from the date of this document, whichever is sooner.

[THIS SPACE IS INTENTIONALLY BLANK]

**SIGNATURE OF THE PARTIES:**

**PLAINTIFF:**

By: *Derek Mortland*          Date: _____10/24/11_____
_____
DEREK MORTLAND

**DEFENDANT:**

By: _____          Date: ___11/2/2011___
WM COLUMBUS HOTEL, LLC